UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WALKER,

    Plaintiff,

                             Case No. 16-10355
vs.                             HON. GEORGE CARAM STEEH

STATE FARM INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE (DOC. 15)

Plaintiff Charles Walker alleges that defendant State Farm Insurance Company breached the parties express and implied contract and violated the Michigan Uniform Trade Practices Act. The matter is presently before the Court on defendant's motion in limine seeking to exclude a non-prosecution for arson argument and to redact portions of a fire department incident report. For the reasons stated below, defendant's motion is GRANTED in part and DENIED in part.

Two months after plaintiff purchased homeowner's insurance from defendant, his property caught fire and sustained damage. The Detroit Fire Department, led by Ladder 25 Lieutenant Percy Warmack and Engine 53 Captain James Payne, responded. Warmack later signed an incident

report prepared by an official identified by only his or her pension number. (Doc. 15-1 at PageID 167). The report lists an unintentional cause of ignition and notes that no human factors were present.

Defendant seeks to preclude testimony and argument regarding the fact that plaintiff was never prosecuted for arson. It is well settled in the Sixth Circuit that "[e]vidence of non-prosecution for arson is inadmissible, whether during a party's case-in-chief, during cross-examination, or during rebuttal." *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987). Plaintiff asserts that he merely intends to argue that defendant's failure to report plaintiff's actions to law enforcement indicates a lack of evidence regarding its arson claims. This argument is prohibited by *Kelly*. Defendant's motion in limine is, therefore, granted as it relates to plaintiff's non-prosecution for arson.

Defendant cites Fed. R. Evid. 802, 403, 702, and 703 to argue that the report's statements on cause of ignition and human factors should be redacted. Defendant asserts that the report's author is unknown, the information they relied on is unclear, and that "unintentional" has a unique meaning – rather than accidental, it simply indicates that officials did not detect any obvious signs of arson, like the scent of gasoline, upon entering plaintiff's home. Further, defendant relies on Captain Payne's testimony

that, because the contested statements are contrary to other information in the report, they must be a mistake.

Relying on this information, defendant asserts that the statements are inadmissible hearsay, because they indicate a lack of trustworthiness that precludes the application of Fed. R. Evid. 803(6) and 803(8).  The Court disagrees.  Further, despite its unique connotation, the Court finds that the probative value of the "unintentional" cause of ignition is not substantially outweighed by a risk of misleading the jury.

Defendant's motion in limine as it pertains to redacting the fire department report is denied.  The Court will conditionally admit the report, subject to plaintiff establishing adequate foundation to satisfy Fed. R. Evid. 702 and 703.

IT IS SO ORDERED.

Dated: April 24, 2017

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 24, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk