**FILED**

**JUN 2 2 2017**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES WALKER,

        Plaintiff,

v.

STATE FARM
INSURANCE COMPANY,

        Defendant.

_____/

No. 16-10355

Hon. George Caram Steeh

**JURY INSTRUCTIONS**

**FAITHFUL PERFORMANCE OF DUTIES; JURY TO FOLLOW INSTRUCTIONS**

Members of the jury, the evidence and argument in this case have been completed and I will now instruct you on the law. That is, I will explain the law that applies to this case.

Faithful performance by you of your duties is vital to the administration of justice.

The law you are to apply in this case is contained in these instructions, and it is your duty to follow them. In other words, you must take the law as I give it to you. You must consider them as a whole and not pick out one or some instructions and disregard others.

Following my instructions you will go to the jury room and deliberate and decide on your verdict.

## FACTS TO BE DETERMINED FROM EVIDENCE

It is your duty to determine the facts from evidence received in open court. You are to apply the law to the facts and in this way decide the case. Sympathy must not influence your decision. Nor should your decision be influenced by prejudice regarding race, sex, religion, national origin, age, handicap, or any other factor irrelevant to the rights of the parties.

**ADMISSION OF EVIDENCE**

The evidence you are to consider consists of testimony of witnesses and exhibits offered and received. The admission of evidence in court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence. You must not concern yourselves with the reasons for these rulings, and you must not consider any exhibit to which an objection was sustained or any testimony or exhibit which was ordered stricken.

## CORPORATIONS ENTITLED TO UNPREJUDICED TREATMENT

The corporation defendant in this case is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and it is your duty to decide the case with the same impartiality you would use in deciding a case between individuals.

**JURY TO CONSIDER ALL THE EVIDENCE**

In determining whether any fact has been proved, you shall consider all of the evidence bearing on that fact without regard to which party produced the evidence.

## Direct and Circumstantial Evidence

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

Facts can be proved by direct evidence from a witness or an exhibit. Direct evidence is evidence about what we actually see or hear. For example, if you look outside and see rain falling, that is direct evidence that it is raining.

Facts can also be proved by indirect or circumstantial evidence. Circumstantial evidence is evidence that normally or reasonably leads to other facts. So, for example, if you see a person come in from outside wearing a raincoat covered with small drops of water, that would be circumstantial evidence that it is raining.

Circumstantial evidence by itself, or a combination of circumstantial evidence and direct evidence, can be used to prove or disprove a proposition. You must consider all the evidence, both direct and circumstantial.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## JURORS MAY TAKE INTO ACCOUNT ORDINARY EXPERIENCE AND OBSERVATIONS

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable. However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

## CREDIBILITY OF WITNESSES

You are the judges of the facts in this case, and you must determine which witnesses to believe and what weight to give to their testimony. In doing so you may consider each witness's ability and opportunity to observe, his or her memory, manner while testifying, any interest, bias or prejudice, and the reasonableness of the testimony considered in the light of all the evidence.

**Impeachment -- Inconsistent Statements or Conduct**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such weight, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**WEIGHING CONFLICTING EVIDENCE - NUMBER OF WITNESSES**

Although you may consider the number of witnesses testifying on one side or the other when you weigh the evidence as to a particular fact, the number of witnesses alone should not persuade you if the testimony of the lesser number of witnesses is more convincing.

**Definitions Introduced**

I shall now give you the definitions of some important legal terms.  Please listen carefully to these definitions so that you will understand the terms when they are used later.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

The burden is ordinarily on a plaintiff in a civil action, such as this, to prove every essential element of his or her claim, and to prove them by a preponderance of the evidence. The "elements" are the important ingredients of a claim. If the proof fails to establish any element of a plaintiff's claim by a preponderance of the evidence in the case, then the jury would find in favor of the defendant.

Moreover, the Defendant has asserted several "affirmative defenses." An affirmative defense is one that a defendant is required to prove by a preponderance of the evidence in order to succeed.

To prove something by a "preponderance of the evidence" means to prove that something is more likely true than not true. In other words, a "preponderance of the evidence" means evidence which, when it is considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that whatever was sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. So even though Defendant, for example, may have the burden of proving something, you are not limited to considering just Defendant's witnesses or documents. You may and should consider all the applicable evidence from whatever source.

## Plaintiff's Claim and Burden of Proof

Charles Walker claims that Defendant State Farm has breached its policy of insurance, which is a contract, by refusing to pay him for the losses and damage sustained to his home in a fire.  Mr. Walker has the burden of proving the following elements of his claim of breach of contract:

(1)     that there was a valid and enforceable contract between the parties whereby, in exchange for a premium, Defendant State Farm agreed to pay Plaintiff for covered losses and damage to his home located at 16770 Forrer Street in Detroit, Michigan, up to the policy limits plus any additional amounts recoverable under the contract and Michigan law;

(2)     that the Plaintiff's home sustained losses and damage as a result of a fire on or around May 17, 2015;

(3)     that Defendant State Farm refused to pay the Plaintiff for the losses and damage to his home; and

(4)     that as a result of State Farm's refusal to pay under the contract, the Plaintiff has suffered damages in an amount you find was established by the evidence.

**Defendant's Affirmative Defenses and Burden of Proof**

The Defendant, State Farm, has defended this action by asserting:

(1)     that the Plaintiff intentionally set the May 17, 2015 fire at the Forrer Street premises, or directed that the fire be set, or knew of and consented to the setting of the fire, for the fraudulent purpose of collecting money under the insurance policy issued by State Farm; and/or

(2)     that the Plaintiff concealed or misrepresented one or more material facts or circumstances in connection with his claim under the policy.

State Farm has the burden of proving one or both of these affirmative defenses by a preponderance of the evidence.  It is not necessary for State Farm to establish both of these defenses.  If you find, after consideration of all the evidence, that State Farm has  established either of these defenses to the Plaintiff's claim under the standards that I am about to give you, then your verdict will be in favor of State Farm and against the Plaintiff.  On the other hand, if you find, after consideration of all the evidence, that State Farm has failed to establish either of its defenses under the standards that I am about to give you, then your verdict will be in favor of the Plaintiff.

## INTENTIONAL ACTS

The policy of insurance in this case contains a condition that voids the policy

based on certain intentional acts by the insured.  The policy provides:

> 12.  **Intentional Acts.**  If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.

Accordingly, if you find, by a preponderance of the evidence, that the Plaintiff,

Charles Walker, caused or procured the loss of his property for the purpose of obtaining

insurance benefits, then this policy will be void and your verdict will be for the

Defendant, State Farm.

**ARSON**

In determining whether Charles Walker set or arranged for the setting of the fire, or whether he knew of and consented to the setting of the fire as claimed, you may consider every fact and circumstance, including motive and opportunity, which you believe may establish his involvement. You may also consider his conduct and statements and the consistency or inconsistency of those statements and conduct.

If you find after consideration of all the evidence, whether it be direct or circumstantial, that State Farm has established, by a preponderance of the evidence, that Charles Walker set or arranged for the setting of the fire, or that he knew of and consented to the setting of the fire, then your verdict will be in favor of State Farm.

On the other hand, if you find after consideration of all evidence, whether it be direct or circumstantial, that State Farm has not established by a preponderance of the evidence that Charles Walker set or arranged for the setting of the fire, or that he knew of and consented to the setting of the fire for the purpose of collecting insurance benefits, then your verdict will be in favor of the Plaintiff on this question.

I charge you that this proceeding does not in any manner involve a question of punishment for violation of a criminal law. The sole question is whether the Plaintiff is entitled to coverage under the insurance policy sued upon.

## CONCEALMENT OR FRAUD

As it relates to the defendant's second affirmative defense, the policy of insurance in this case contains a condition that voids the policy based on Concealment or Fraud by the insured.  The policy provides:

> 2.  **Concealment or Fraud.**  This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

I instruct you a statement is "material" if it is reasonably relevant to the insurer's investigation of a claim.

Accordingly, if you find, by a preponderance of the evidence, that the Plaintiff, Charles Walker, either intentionally concealed or misrepresented any material fact or circumstance relating to the insurance, either before or after May 17, 2015, then the policy will be void and your verdict will be for the Defendant, State Farm.

**Calculation of Damages**

If you find that the Plaintiff has established each of the elements of his breach of contract claim by a preponderance of the evidence, and that Defendant State Farm has not established either of its affirmative defenses by a preponderance of the evidence, then you must determine the amount of damages that State Farm must pay to the Plaintiff.  The amount of this payment is determined by the language of the insurance policy, which states that the Plaintiff is entitled to the actual cash value of the property damaged in the fire.

With respect to the claim for loss and damage, you will have to determine the actual cash value of the dwelling as of the date of loss. In determining the actual cash value of the dwelling, you may consider any evidence which, in your judgment, logically tends to prove an accurate value of the property. These factors may include, but are not necessarily limited to, the age or condition of the property, the amount paid for the property, as well as the market value of the property.

Also, you are to determine the amount of damages incurred by Plaintiff for loss of personal property and for additional living expenses not already paid to Plaintiff.

The amount of damages must be proved as any other issue in this case; that is, the Plaintiff must prove by a preponderance of the evidence the amount of damages he are owed as a result of State Farm's breach of the insurance policy.

**Deliberations**

The following instructions concern the manner of your deliberations.

**Election of Foreperson**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.

[Read verdict form.]

You will take this form to the jury room and, when ⌃*at least* 7 of the 9 of you agree as to your verdict, you will have your foreperson fill in, date, and sign the form which sets forth the verdict; and then return with your verdict to the courtroom.

21

**The Use of Electronic Technology
to Conduct Research on or Communicate About a Case**

During your deliberations, you must not communicate with or provide any

information to anyone by any means about this case.  You may not use any electronic

device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or

computer; the internet, any internet service, or any text or instant messaging service; or

any internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or

Twitter, to communicate to anyone any information about this case or to conduct any

research about this case until I accept your verdict.

**Verdict - Duty to Deliberate**

When you go to the jury room, the foreperson should see to it that your discussions are carried on in a businesslike way and that everyone has a fair chance to be heard.

The verdict must represent the considered judgment of at least 7 jurors.  In order to return a verdict, it is necessary that 7 of the 9 of you agree.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard for individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in this case.

## Communications Between Court and Jury
## During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by my court staff, signed and dated by your foreperson. No member of the jury should ever attempt to communicate with me by any means other than a signed and dated writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by my court staff you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

When you reach a verdict, you should send a note to the staff, signed and dated by the foreperson, on which you shall state only that a verdict has been reached.

**Verdict Form -- Jury's Responsibility**

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

**Juror Notes**

If you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence.

You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form your own opinion as to the facts of the case.

**Jury Instructions and Exhibits**

I will give you a copy of these instructions for your use while deliberating.  It is available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

If you would like to review any exhibits during your deliberations, please send me a note signed by your foreperson specifying the exhibits that you wish to review, and my court staff will provide the requested exhibits.

## Verdict

When 7 of the 9 of you have reached agreement as to the answers in the verdict form, in accordance with these instructions, have your foreperson fill in the date and sign the form.  Then notify the Court's staff that you have reached a verdict, and bring the verdict form with you upon your return to the Court.